IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Sheralyn B., ) | |
| ) | |
|       *Plaintiff*, ) | |
| ) | Case No. 3:22-cv-50280 |
|    v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
|       *Defendant*. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sheralyn B. brings this action under 42 U.S.C. § 405(g) seeking a remand of the decision denying her supplemental security income.[1] For the reasons set forth below, the Commissioner's decision is reversed, and this case is remanded.

**I. Background**

On January 9, 2020, Plaintiff filed an application for supplemental security income (SSI) alleging a disability beginning on October 1, 2014, because of post-traumatic stress disorder (PTSD), bipolar disorder, depression, panic disorder, anxiety, neuropathy, pain, high blood pressure, cholesterol, and asthma. R. 68, 261. She was 48 years old at the time she filed her application. Plaintiff later amended her alleged onset date to April 19, 2018, which was the date she filed her prior application for SSI. R. 40. Plaintiff's prior application was denied in July 2018. R. 68.

Following a hearing, an administrative law judge (ALJ) issued a decision in November 2021, finding that Plaintiff was not disabled since January 9, 2020, the date her

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 22.

1

application was filed. R. 13–25. The ALJ found that Plaintiff had the following severe impairments: degenerative disk disease, bipolar disorder, major depressive disorder, PTSD, and an anxiety disorder. The ALJ found Plaintiff's alcohol and opioid use "non-severe," noting that Plaintiff reporting quitting both prior to her application date. R. 16. The ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. The ALJ concluded that Plaintiff had the residual functional capacity (RFC) to perform light work with certain restrictions. The ALJ determined that Plaintiff had no past relevant work, but there were other jobs that existed in significant numbers in the national economy that she could perform, namely light, unskilled jobs.

After the Appeals Council denied Plaintiff's request for review on July 8, 2022, R. 1, Plaintiff filed the instant action. Dkt. 1.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's

determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

### III. Discussion

On appeal, Plaintiff challenges the ALJ's listing analysis for her mental health impairments. Specifically, Plaintiff challenges the ALJ's determination that she did not meet or equal Listings 12.04, 12.06, and 12.15, arguing that the ALJ improperly evaluated the paragraph B and C criteria and improperly relied on the medical expert's testimony. For the reasons discussed below, the Court agrees that a remand is required.

As part of the listing analysis, the ALJ considered whether Plaintiff met the criteria of Listings 12.04 (Depressive, bipolar and related disorders), 12.06 (Anxiety and obsessive-compulsive disorders), and 12.15 (Trauma- and stressor-related disorders). *See* 20 C.F.R. pt. 404, subpt. P, App. 1, §§ 12.04, 12.06, 12.15. These Listings of mental impairments consist of three sets of "criteria" – the paragraph A criteria,[2] paragraph B criteria,[3] and paragraph C criteria.[4] To be presumptively disabling, a claimant's impairment must satisfy the paragraph A criteria and either the paragraph B or paragraph C criteria of that listing.

At step two, the ALJ found that Plaintiff's bipolar disorder, major depressive disorder, PTSD, and anxiety disorder were severe impairments. At step three, the ALJ determined that Plaintiff's mental impairments singly and in combination did not meet or medically equal Listings

---

[2] The paragraph A criteria consists of a set of medical findings specific to the mental disorder covered by the listing. As such, each listing contains different criteria under paragraph A.
[3] For all three listings, the paragraph B criteria are the same. To meet the listing criteria for paragraph B, a claimant must have at least two "marked" limitations or one "extreme" limitation in the four broad categories of mental functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.
[4] The paragraph C criteria, which are also identical across the three listings at issue, requires a medically documented history of the disorder over a period of at least 2 years, along with evidence of ongoing treatment/therapy that diminishes symptoms and signs of the mental disorder and minimal capacity to adapt to changes in environment or demands not already part of a claimant's daily life.

3

12.04, 12.06, or 12.15. The ALJ did not discuss whether the paragraph A criteria for each listing was satisfied. Instead, the ALJ found that Plaintiff had not satisfied the criteria in paragraphs B and C. R. 17–19. In his paragraph B analysis, the ALJ found that Plaintiff had moderate limitations in all broad areas of functioning except for a mild limitation in understanding, remembering, or applying information. The ALJ also determined that Plaintiff did not satisfy the paragraph C criteria for the listings. The ALJ's paragraph C analysis consists entirely of the following paragraph:

> I also considered whether the "paragraph C" criteria of listing 12.04, 12.06, and 12.15 are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria. These listings require analysis of whether the claimant's mental disorder is "serious and persistent," with a medically documented history of the existence of the disorder over a period of at least two years, with evidence of both: 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of the claimant's mental disorder (see 12.00G2b); and 2. Marginal adjustment, that is, the claimant has minimal capacity to adapt to changes in his/her environment or to demands that are not already part of his/her daily life (see 12.00G2c). The evidence in this case, discussed at length above, fails to establish this criterion.

R. 19. The evidence "discussed at length above" consists of the evidence the ALJ relied upon to support his paragraph B conclusions. *See* R. 17–18. Plaintiff argues that the ALJ's paragraph C analysis was perfunctory and provided no explanation of why the criteria were not met. The Commissioner responds that Plaintiff did not meet the paragraph C criteria and merely disagrees with the ALJ's weighing of the evidence.

"In considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing." *Wilder v. Kijakazi*, 22 F.4th 644, 652 (7th Cir. 2022) (citing *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). However, the claimant bears the burden of proving that her impairments meet or equal each element of a listed impairment. *Filus v. Astrue*, 694 F.3d 863, 868 (7th Cir. 2012). This Court

presumes that the ALJ found paragraph A satisfied for the listings at issue.[5] Accordingly, Plaintiff needed to satisfy either paragraph B or C in order to meet any of the above listings.

As to the paragraph C criteria, this Court agrees that the ALJ's analysis was perfunctory and provided no evaluation of the individual paragraph C criteria. By merely referring to the evidence discussed in the paragraph B analysis, the ALJ offers no explanation of how the paragraph C criteria were not met based on the evidence cited. Nevertheless, even if the ALJ's analysis was perfunctory, "[courts] will not remand a case to the ALJ for further specification where [they] are convinced that the ALJ will reach the same result." *Butler*, 4 F.4th at 504 (quoting *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011)). An ALJ's error is harmless if the court can "predict with great confidence what the result of remand will be." *Id.* (quoting *McKinzey*, 641 F.3d at 892).

Plaintiff has offered sufficient evidence that she could have met the paragraph C criteria. The Commissioner does not challenge the evidence Plaintiff provides to support that: (1) she had a serious and persistent mental disorder with a medically documented history over a period of at least two years; and (2) there was evidence of medical treatment, mental health therapy, psychosocial supports, or a highly structured setting that is ongoing and diminishes Plaintiff's symptoms. *See* Def.'s Resp. at 8–9, Dkt. 23. This Court finds that Plaintiff has provided enough evidence that she could meet these criteria and any challenge by the Commissioner is forfeited. *See Bonte*, 624 F.3d at 466 (explaining that failing to respond to an argument in a response brief results in forfeiture).

---

[5] The Commissioner does not argue that Plaintiff fails to meet the paragraph A criteria for the listings at issue. Def.'s Resp. at 4, Dkt. 23; *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (explaining that failing to respond to an argument in a response brief results in forfeiture). Accordingly, this Court need not address the paragraph A criteria.

The Commissioner's only challenge is to Plaintiff's ability to satisfy the last paragraph C criteria regarding marginal adjustment. The marginal adjustment criterion is satisfied when:

> the evidence shows that, despite your diminished symptoms and signs, you have achieved only marginal adjustment. "Marginal adjustment" means that your adaptation to the requirements of daily life is fragile; that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life. We will consider that you have achieved only marginal adjustment when the evidence shows that changes or increased demands have led to exacerbation of your symptoms and signs and to deterioration in your functioning; for example, you have become unable to function outside of your home or a more restrictive setting, without substantial psychosocial supports (see 12.00D). Such deterioration may have necessitated a significant change in medication or other treatment. Similarly, because of the nature of your mental disorder, evidence may document episodes of deterioration that have required you to be hospitalized or absent from work, making it difficult for you to sustain work activity over time.

20 C.F.R. pt. 404, subpt. P, App. 1, § 12.00G(2)(c).

The Commissioner argues that the ALJ's paragraph B analysis highlighted Plaintiff's ability to go out alone, navigate public transportation, shop in stores independently, handle her own finances, and get along with others, which shows more than a minimal capacity to adapt to changes or demands that are not already part of Plaintiff's daily life. However, the ALJ also stated that Plaintiff did not do well with stress or changes in her routine. R. 18. In the same function report that the ALJ relied on, Plaintiff reported only leaving the house for medical appointments and shopping. R. 295. Plaintiff also testified to only using public transportation occasionally and that her insurance paid for a taxi to take her to medical appointments. R. 41–42.

Plaintiff also points out that the ALJ makes almost no mention of her ongoing mental health treatment and support. Throughout the relevant period, Plaintiff received outpatient mental health treatment in the form of individual and group counseling and medications, Suboxone treatment, group meetings for substance abuse, and lived in a sober housing facility with a roommate. *See, e.g.*, R. 44–45, 5199, 5203. Plaintiff's most recent records reported that Plaintiff was anxious and

disheveled, noting ongoing issues with anxiety and stress, in part, because she will have to leave her current sober living facility at the beginning of 2022. R. 5176–79. These records further reported that Plaintiff's increased anxiety was affecting her activities of daily living. R. 5179. Yet, the ALJ fails to address this evidence. *See Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003) (noting that when the ALJ fails to mention key evidence in his opinion, the court is left to wonder whether such evidence was even considered).

This evidence goes directly to Plaintiff's capacity to adapt to changes in her environment or to demands that are not already part of her daily life and suggests it is possible that Plaintiff could have met the paragraph C criteria. *See Lowe v. Saul*, 218CV00428JVBSLC, 2020 WL 439413, at *4 (N.D. Ind. Jan. 9, 2020), *report and recommendation adopted sub nom. Kathleen L. v. Saul*, 2:18-CV-428-JVB-SLC, 2020 WL 439980 (N.D. Ind. Jan. 28, 2020) ("While the Court does not find that the medical record indicates that Lowe meets or equals listing 12.06, the Court cannot conduct meaningful review where the ALJ fails to discuss or analyze the 'paragraph C' criteria when the evidence suggests it is possible that Lowe met the criteria."). Even reviewing the ALJ's decision as a whole, the ALJ focused largely on Plaintiff's medical records before her application date and provides almost no discussion of the medical records from the relevant period that could support his determination as to the paragraph C criteria.[6] *See* R. 17–18 (citing medical records largely from 2018 and 2019). However, "[m]edical evidence is relevant to [an SSI] claim only insofar as the evidence pertains to the claimant's current condition." *Hawkins v. Colvin*, No. 3:13-CV-0053-CAN, 2014 WL 1766959, at *6 (N.D. Ind. May 1, 2014). The ALJ also discounts Plaintiff's more recent records with those predating her application. For example, when evaluating

---

[6] In SSI cases, the relevant period for deciding benefits is the month the application is filed, namely January 2020, through the date of the ALJ's decision. *See* 20 C.F.R. §§ 416.330, 416.335. Plaintiff qualifies for benefits if a disability existed for any consecutive twelve-month period during the relevant period. *See* 42 U.S.C. § 1382c(a)(3)(A).

Plaintiff's ability to adapt and manage herself, the ALJ appears to discount Plaintiff's poor insight reported in March 2020 with improved insight and judgment reported in 2018 and 2019. *See* R. 18.

Additionally, the testifying medical expert, Dr. James Wargel, whose opinion the ALJ found most persuasive, largely referenced medical records before Plaintiff's application to support his opinion. Dr. Wargel also testified that Plaintiff did not meet or medically equal any of the listings "consistently across time." R. 51. But he offered no explanation of what this qualification meant and the ALJ did not seek any clarification. In light of Dr. Wargel's unclarified statement, Plaintiff argues that the ALJ improperly relied on Dr. Wargel's testimony to support his listing analysis. The Commissioner does not respond to Plaintiff's argument. *See Bonte*, 624 F.3d at 466 (explaining that failing to respond to an argument in a response brief results in forfeiture). This Court agrees that Dr. Wargel's testimony that Plaintiff did not meet the listings "consistently across time," R. 51, does not qualify as substantial evidence to support the ALJ's listing analysis given the ambiguity of his statement. For example, was Dr. Wargel saying there was a period of time when Plaintiff met a listing? If so, during what period did Plaintiff meet a listing?[7]

Considering the above evidence and the ALJ's failure to analyze whether such evidence supports the paragraph C criteria, a remand is required. This Court cannot predict with great confidence that the ALJ will reach the same paragraph C findings on remand. In remanding this case, this Court is not saying that Plaintiff has satisfied paragraph C criteria. Nevertheless, "[t]he court has to be able to trace the path of the ALJ's reasoning from evidence to conclusion." *Thelmarae W. v. Saul*, 476 F. Supp. 3d 717, 724 (7th Cir. 2020) (citations omitted). Therefore, the

---

[7] This is relevant because if Plaintiff met a listing for any consecutive twelve-month period during the relevant period, Plaintiff would qualify for a closed period of benefits. *See* 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.335.

case must be remanded so the ALJ can sufficiently analyze the paragraph C criteria, and if the ALJ relies on Dr. Wargel's testimony as substantial evidence to support his step-three analysis, he must clarify the statement that Plaintiff did not meet the listings "consistently across time." R. 51. The ALJ should also specifically address Plaintiff's treatment during the relevant period and its impact on the ALJ's step-three analysis and potentially the RFC. In light of this Court's remand, it will not address Plaintiff's remaining arguments. However, Plaintiff's counsel should raise all issues argued on appeal with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is granted, and the Commissioner's motion is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceeding consistent with this opinion.

Date: September 27, 2023          By:  *Lisa A. J.*
                                       Lisa A. Jensen
                                       United States Magistrate Judge